BRANDON E. and his parents, Mr. and Mrs. E., Plaintiffs,

v.

The **WISCONSIN DEPARTMENT OF PUBLIC INSTRUCTION; Herbert Grover, individually and in his official capacity as the Wisconsin Superintendent of Public Instruction; Victor J. Contrucci, individually and in his official capacity as the Assistant Superintendent of Education; Mequon-Thiensville School District Two; Mequon-Thiensville School District Two Board of Education, a body politic; and the members of the Board in their official capacities as follows: David Hasey, Carol Hanson, Christine Neurnberg, Mary Etta Hanley, Neil Trilling, Nancy Parris, and Theodore Egelhoff; Ellen Meister, individually and in her official capacity as Superintendent of Schools of District Two; Harry Thompto, individually and in his official capacity as the Assistant Superintendent of District Two; Ozaukee County Handicapped Children's Education Board; Arthur Baranowski, individually and in his official capacity as Director of Special Education for the Handicapped Children's Education Board; Anthony J. Earl, individually and in his official capacity as Governor of Wisconsin; Lloyd LaRoque, individually and in his official capacity as school psychologist in the employ of District Two; the United States Department of Education; Terrel H. Bell, individually and in his official capacity as Secretary of the United States Department of Education, Defendants.**

Civ. A. No. 83–C–581.

United States District Court,
E.D. Wisconsin.

Oct. 4, 1984.

Brooke R. Whitted, Canel, Aronson & Whitted, Chicago, Ill., and Paul Soglin, Schultz & Soglin, Madison, Wis., for plaintiffs.

Charles R. Larsen, Asst. Atty. Gen., Madison, Wis., and Mary Brooks Fraser, Wisconsin Dept. of Public Instruction, Madison, Wis., for defendants, Wisconsin Dept. of Public Instruction, Herbert Grover, Victor Contrucci, and Anthony Earl.

Warren L. Kreunen, von Briesen & Redmond, S.C., Milwaukee, Wis., for defendants Mequon-Thiensville School Dist., Mequon-Thiensville Bd. of Educ., David Haase, Carol Hanson, Christine Nuernberg, Mary Etta Hanlewy, Neil Trilling, Nancy Parris, Theodore Egelhoff, Ellen Meister, Harry Thompto, and Lloyd LaRogue.

Timothy F. Mentkowski, Riordan, Crivello, Carlson, Mentkowski & Henderson, Milwaukee, Wis., for defendants Arthur Baranowski and Ozaukee County Handicapped Children's Educ. Bd.

Patrick W. Schmidt, Quarles & Brady, Milwaukee, Wis., and Morgan R. Butler III, Corp. Counsel, Port Washington, Wis., for defendants, Ozaukee County Handicapped Children's Educ. Bd., and Arthur Baranowski.

Joseph P. Stadtmueller by Charles A. Bohl, Asst. U.S. Atty., Milwaukee, Wis., for defendant, Secretary of the U.S. Dept. of Educ. and Terrel H. Bell.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This case involves claims brought by a handicapped child and his parents for declaratory, injunctive, and monetary relief. In Count I, the plaintiffs allege that Brandon E. is being deprived of an appropriate education at public expense in violation of the Education for All Handicapped Children Act (EHA) (20 U.S.C. § 1401 et seq.); § 504 of the Rehabilitation Act of 1973 (§ 504) (29 U.S.C. § 794); the Wisconsin School Code (Wis.Stat. § 115.76 et seq.); the equal protection clause of the fourteenth amendment to the United States Constitution and Articles I and III of the Wisconsin Constitution. In Count II, the plaintiffs claim denial of their due process rights as guaranteed by the EHA, § 504, the fourteenth amendment, and the Wisconsin Constitution. Counts III and IV are pendent state claims seeking damages for educational malpractice. Finally, in Count V, the plaintiffs seek a declaratory judgment that the Wisconsin plan is inconsistent with the EHA, an injunction against its future use, and an order compelling the U.S. Department of Education to withhold funding to the state under the EHA.

The defendants include four groups and will be designated the local, county, state, and federal defendants. Each group of defendants has moved for dismissal on various grounds. A motion by the plaintiffs to compel limited discovery and allow an additional response to the dismissal motions is also pending. Counts I and II will be dismissed for failure to exhaust administrative remedies under the EHA. Count V will be dismissed for failure to state a claim under the EHA. Consequently, the plaintiffs' motion will be denied and the pendent state law claims dismissed along with the federal claims.

### FACTS

■ As on any motion to dismiss, the Court must accept the well pleaded facts as true. Those facts, as shown by the complaint, are as follows.

Brandon E. is fourteen years old and lives in the Mequon-Thiensville District Two school district. He was identified as a handicapped student by District Two and attended public schools from September 1976 through June 1979. Pursuant to EHA requirements and state law, an individualized education plan (IEP) was prepared and periodically reviewed by a multidisciplinary team (M-team). During this period Brandon's classification was changed from educably mentally handicapped to emotionally disturbed. The May 1979 M-team report indicated that Brandon's condition was speech/language disability and noted he was a target of ridicule by other students. Brandon's parents did not request a due process hearing to challenge the M-team's recommendations. Instead, they withdrew Brandon from public school due to his lack of progress and placed him in a private facility where his condition improved.

At plaintiffs' request, an M-team convened in March 1981 to reassess Brandon and found him to have speech/language disability, learning disability, and behavioral/emotional disability. A public school special education placement was recommended, and the parents were urged to continue outside psychiatric support. Specialists at the private facility disputed this assessment and recommended that Brandon be placed in a highly structured, treatment-oriented program with daily psychotherapeutic intervention. Again, no due process hearing was requested, and Brandon was placed in a different private facility. Brandon developed severe problems at this facility and was transferred to a psychiatric hospital for two months. Hospital tests indicated Brandon exhibited multiple difficulties including infantile autism, severe emotional problems, and borderline mental retardation.

In June 1982, an M-team convened at the parents' request and again recommended a public school special education placement. This time Brandon's parents made a timely request for a due process hearing and agreed to mediation in the interim. Ac-

cording to the plaintiffs, during the mediation proceeding, "... District Two officials consistently refused to consider opinions of Mr. and Mrs. E. and showed total unwillingness to consider the recommendations of Brandon's doctors that he absolutely required residential placement...." (Complaint, par. 27, p. 11.) Four days later, the parents withdrew their request for a due process hearing, and Brandon remains at a private facility at his parents' expense.

## DISCUSSION

### A. *Exclusivity of EHA*

The EHA is a funding statute under which federal funds are made available to states to assist them in providing educational services for the handicapped. To receive federal funds under the EHA, states must establish procedures to protect the right of handicapped children to a "free appropriate public education." 20 U.S.C. § 1415(a).

Section 1415(b)(1)(E) requires the state to provide "an opportunity to present complaints with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child." Upon receipt of the complaint, the parents must have an opportunity for "an impartial due process hearing" by the local agency. 20 U.S.C. § 1415(b)(2). The aggrieved party may then obtain an impartial review of the local agency's decision at the state level. 20 U.S.C. § 1415(c). Finally, judicial review is guaranteed to any party aggrieved by the final decision of the state level agency. 20 U.S.C. § 1415(e)(2). The State of Wisconsin receives EHA funds and has provided the required administrative procedure by statute. Wis.Stat. § 115.76 et seq.

The plaintiffs contend that only a residential treatment facility can provide Brandon an appropriate education. This suit followed an M-team recommendation of public school placement. In Count I, the plaintiffs contend that the actions of District Two constitute the following violations of the EHA:

(1) Failure to provide a free appropriate public education, in violation of 20 U.S.C. § 1412(2)(B);

(2) Failure to properly evaluate and identify the severity of Brandon's handicap, in violation of 20 U.S.C. § 1412(5)(C);

(3) Failure to provide special education and related services to enable Brandon to meaningfully benefit from his education, in violation of 20 U.S.C. § 1401(16) and (17);

(4) Failure to provide a full continuum of services, including therapy and residential placement, in violation of 20 U.S.C. § 1412(2)(B) and (5)(B); and

(5) Failure to consider independent educational evaluations obtained by Brandon's parents at their expense, in violation of 20 U.S.C. § 1415(b)(1)(A).

The same actions by District Two are alleged to show four different violations of § 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794); five violations of the Wisconsin School Code implementing the requirements of the EHA; three violations of the fourteenth amendment's equal protection clause; and three violations of Article I of the Wisconsin Constitution. Similarly, Count II alleges that procedural inconsistencies between Wisconsin's implementing statutes and the EHA are actionable under the EHA, § 504, and the tenth and fourteenth amendments to the United States Constitution.

Joining parallel statutory and constitutional claims adds nothing to the plaintiffs' action under the EHA. Congress intended the EHA to be the exclusive vehicle for challenging the educational placement of handicapped students. The Supreme Court recently decided that a parallel § 1983 claim cannot be the basis for an award of attorneys' fees because the EHA has no fee provision.

"We conclude, therefore, that where the EHA is available to a handicapped child asserting a right to a free appropriate public education, based either on the EHA or on the Equal Protection Clause of the Fourteenth Amendment, the EHA

is the exclusive avenue through which the child and his parents or guardian can pursue their claim." *Smith v. Robinson,* — U.S. ——, ——, 104 S.Ct. 3457, 3470, 82 L.Ed.2d 746 (1984).

This is especially important when exhaustion of administrative remedies is at issue, as in the present case. "Allowing a plaintiff to circumvent the EHA administrative remedies would be inconsistent with Congress' carefully tailored scheme." Id. Therefore, the plaintiffs' substantive claims must be considered solely under the EHA.

The Seventh Circuit has applied the same reasoning to procedural EHA challenges. Discussing the applicability of § 504 to procedural claims, that Court held:

> "... it cannot be used to circumvent the procedural requirements imposed by the EAHCA when the two claims are parallel, because to do so would thwart the intent of Congress, manifested in the structure of the more detailed and specific EAHCA. This is true for procedural challenges to state and local agency action as well as for challenges regarding substantive placement decisions, because the EAHCA provides for scrutiny of alleged procedural irregularities." *Timms v. Metropolitan School District of Wabash County, Indiana,* 722 F.2d 1310, 1318 (7th Cir.1983). On parallel § 1983 claims, see *Anderson v. Thompson,* 658 F.2d 1205 (7th Cir.1981); *Doe v. Koger,* 710 F.2d 1209 (7th Cir.1983).

The plaintiffs have not alleged any claims in Counts I and II that are not cognizable under the EHA. Consequently, whether these claims survive the defendants' dismissal motions must be determined solely by reference to the EHA.

### B. *Exhaustion Under the EHA*

■ The EHA mandates extensive procedural guarantees which must be exhausted before seeking judicial review. 20 U.S.C. § 1415(e)(2). The exhaustion doctrine enables the states to apply their educational expertise to resolve disputes prior to judicial involvement. In its first discussion of the EHA, the Supreme Court recognized

that: "The primary responsibility for formulating the education to be accorded a handicapped child, and for choosing the educational method most suitable to the child's needs, was left by the Act to state and local educational agencies in cooperation with the parents or guardian of the child." *Board of Education of the Hendrick Hudson Central School District v. Rowley,* 458 U.S. 176, 207, 102 S.Ct. 3034, 3051, 73 L.Ed.2d 690 (1982). For this reason, the Court cautioned that reviewing courts are not to substitute their own notions of sound educational policy for those of school authorities. Id.

The administrative proceedings also create a record for the Court to review. Although the reviewing court may hear additional evidence, 20 U.S.C. § 1415(e)(2), the administrative record performs a vital function on review.

> "If the expert agency cannot resolve the problem finally, the record made in the administrative proceedings will be extremely helpful to the court, since the administrative agency will likely have probed the issue with more expertise than a federal court could bring to bear, and therefore, have illuminated the issue for final decision in the federal court." *Riley v. Ambach,* 668 F.2d 635, 640 (2d Cir.1981).

The primary responsibility and expertise of state and local educational agencies cautions against premature court interference in the administrative procedures mandated by the EHA. Nonetheless, the plaintiffs request that this Court determine an appropriate placement for Brandon without the input that the record from a due process hearing would provide.

An exception to the exhaustion requirements under the EHA has been recognized in cases where the exercise of state administrative remedies would be futile. See *Ezratty v. Commonwealth of Puerto Rico,* 648 F.2d 770 (1st Cir.1981); *Riley v. Ambach, supra;* and *Monahan v. Nebraska,* 645 F.2d 592 (8th Cir.1981). The plaintiffs contend that exhaustion would be futile in Brandon's case because they allege prob-

lems that infect the entire administrative process in Wisconsin. These alleged problems can be summarized under two headings: state-wide policies against residential placement resulting in predetermination of any administrative challenge, and violations of state procedures which are themselves inconsistent with the EHA. The Court will consider these contentions in turn.

1. *Predetermined Result*—Some of plaintiffs' arguments are intended to demonstrate that administrative exhaustion by plaintiffs seeking residential placement is futile because Wisconsin has predetermined the result. In their motion, the plaintiffs seek to compel the state, county, and local defendants to disclose whether residential placements have ever been approved for handicapped children and whether there is any written policy concerning such placements. They also refer to the rationale in *Parks v. Pavkovic*, 536 F.Supp. 296 (N.D.Ill.1982), where the court found that plaintiffs had no meaningful administrative remedy because they were challenging state-wide policies regarding payment of educational expenses for handicapped children.

There are significant differences between *Parks* and the present case that make application of the above rationale inappropriate. In *Parks,* the plaintiffs challenged the state's refusal to fund all the expenses related to the residential placement of their handicapped child. After going through the complete due process hearing, the plaintiffs filed suit only because the decision on appeal by the state reviewing agency was pending beyond the statutory thirty-day limit and the residential facility was threatening to discharge the plaintiff's son. As a result, the court first ruled that the press of time made exhaustion impractical. Id. at 302. The state-wide policies cited by the court in its second rationale were codified in the state's statutes. Id. at 303.

In the present case, there are no time constraints that would make exhaustion impractical. Brandon was enrolled in a resi-dential facility when the challenged IEP was developed and remains there today. The plaintiffs do not allege that time spent in the administrative process would have any effect on Brandon's treatment. In addition, plaintiffs cite no state statutes or regulations on residential placement that dictate a particular administrative result in Wisconsin.

Lacking statutes or regulations governing residential placement, the plaintiff's motion seeks to discover whether such placement has ever been approved and whether there are written policies in this area. The motion will be denied, since it could not affect the requirement of exhaustion in this case. See *Riley v. Ambach, supra.* The argument assumes that only residential placement can provide Brandon an appropriate education. This assumption cannot be made without the benefit of an administrative record, especially because the EHA does not require states to maximize the potential of each handicapped child so long as they receive an appropriate education. *Rowley,* supra, at 20. Exhaustion should be required if only to give the state the opportunity to consider its policy on residential placement in the context of a concrete case.

The plaintiffs also contend that exhaustion would be futile because the administrative hearing officer has no authority to award the damages they seek. Although the EHA does not expressly authorize damages as a remedy, two narrow exceptions have been recognized. *Anderson v. Thompson,* 658 F.2d 1205 (7th Cir.1981). These exceptions do not alter the primary thrust of the EHA which clearly contemplates exhaustion of administrative remedies before seeking review in the courts.

2. *Procedural Violations and Inconsistencies*—In Count I, allegations of futility are partially based on violations of the state implementing statutes by the M-team established by District Two. The plaintiffs contend that because the M-team ignored their suggestions when developing Brandon's IEP, and failed to consider reports prepared by outside experts, the entire ad-

ministrative process is futile as a practical matter.

The due process hearing is expressly intended to deal with the procedural violations raised by the plaintiffs. Under Wis. Stat. § 115.81, parents have a right of access to all records, reports, and evaluations relating to their child's educational program. They have the right to introduce evidence, including outside evaluations of their child, to call and cross-examine witnesses, and to be represented by an advocate. Because they are given the opportunity to challenge any claimed substantive or procedural violations by the M-Team, such violations cannot justify their failure to raise these issues in the administrative process.

The plaintiffs also contend that the due process hearing is biased because the Wisconsin Department of Public Instruction maintains the list of hearing officers and makes no determination of their qualifications. These claims are meritless. 34 C.F.R. § 300.507 requires the state agency to maintain such a list, and the only qualification that section requires of hearing officers is impartiality.

Alleged procedural inconsistencies between the EHA and Wisconsin's implementing statutes are similarly meritless. The plaintiffs contend that Wisconsin's use of county boards to make some decisions related to handicapped education conflicts with the EHA's requirement that local agencies make all such decisions. The plaintiffs misread the EHA since 20 U.S.C. § 1414(a) applies on its face to "A local educational agency *or an intermediate educational unit.* ..." Similar language is used in § 1415. Plaintiffs also contend that the superintendent is precluded from conducting an appeal of the due process hearing by § 1415. The Superintendent of Public Instruction is a constitutional officer in the State of Wisconsin and is not a school employee. Wis. Const. art. X, § 1. Section 1415 expressly requires the state agency to conduct such a review.

■ The remaining allegations of procedural inconsistency are similarly ground-

less or have not been applied to Brandon. The obvious lack of merit in the procedural issues raised by the plaintiffs indicate they are presented simply to justify their withdrawal from the substantive due process hearing. The EHA's comprehensive structure depends primarily on state and local administrative actions to provide appropriate education to the handicapped. A showing of futility sufficient to overcome this structure is possible only in extraordinary cases.

## C. *Claims III, IV, and V*

■ The federal defendants' motion to dismiss Count V will be granted. In Count V, the plaintiffs seek to compel the Secretary of Education to withhold EHA funds from Wisconsin based on the procedural inconsistencies discussed above. Not only are these procedural inconsistencies nonexistent, but the plaintiffs have no standing to request the enjoining of fund disbursement to the state. State funds may be withheld only if the Commissioner of Education of the United States, after notice and hearing, determines that there has been no substantial compliance with the EHA. 20 U.S.C. § 1416. Nothing in that section empowers an individual to institute an action seeking the withholding of funds. The decision to institute compliance proceedings is wholly within the discretion of the Commissioner of Education.

■ Counts III and IV are state law negligence claims for damages from the local defendants and the school psychologist for educational malpractice. This is a novel area of state law which the Court would hesitate to hear as a matter of comity. *United Mineworkers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Because all of the plaintiffs' federal claims have been dismissed, however, the pendent state law claims must also be dismissed.

IT IS THEREFORE ORDERED that the plaintiffs' motion to compel discovery is denied.

IT IS FURTHER ORDERED that the defendants' motions are granted, and this case is hereby dismissed.