16 F.3d 1220
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 DeWayne MOORE, By and Through His Parents and Next Friends,
Ralph and Linda MOORE, Plaintiff-Appellant,
v.
HARRIMAN CITY SCHOOLS; Roane County Schools, Defendants-Appellees.
 No. 92-5572.
 United States Court of Appeals, Sixth Circuit.
 Jan. 21, 1994.
 
 Before: KENNEDY and NELSON, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 This is an appeal from a summary judgment for the defendants in an action brought primarily under the Education for All Handicapped Children Act (EAHCA or Act), 20 U.S.C. Sec. 1400, et seq. Ralph and Linda Moore, Tennessee residents, brought an action under the EAHCA against two Tennessee school systems on behalf of their son, DeWayne, in connection with DeWayne's 1989-1990 school year suspensions. The defendants moved for summary judgment and the district court ultimately granted this motion, while noting that the Moores may refile if certain conditions are met. This appeal followed. The parties have briefed the issues; the Moores are proceeding without benefit of counsel.
 
 
 3
 The district court granted summary judgment for the defendants owing to the Moores' failure to exhaust available administrative remedies as required by the EAHCA. Review of the record and law support this decision.
 
 
 4
 The Moores brought this EAHCA-based action on behalf of their son DeWayne, a handicapped child within the meaning of the Act. They contend that the defendants suspended DeWayne from school on numerous occasions during the 1989-1990 school year without regard for, and in derogation of, his right under the Act not to be so suspended. It appears from the record that DeWayne is dyslexic but that the suspensions were a result of assaults (on other students and a female school bus driver) and use of abusive language. One of the assaults (on the bus driver) also culminated in a juvenile court prosecution and conviction.
 
 
 5
 The Moores initially attempted to pursue their administrative rights under the Act. Specifically, they requested and received a mediation session in 1990 with the parties involved and an agreement was reached that affected no substantive changes in DeWayne's program of instruction. The evidence reflects that the Moores then requested a due process hearing (to which all parties agree they were entitled) only to withdraw this request shortly thereafter.
 
 
 6
 The Moores subsequently filed the present suit under the Act. In all, they sought injunctive relief under the Act, monetary damages under 42 U.S.C. Sec. 1983, and attorney's fees under 42 U.S.C. Sec. 1988. The district court examined the record and found that the Moores had failed to exhaust their administrative remedies (the due process hearing) as required before an action may be prosecuted for relief under the Act. The court also found that the Sec. 1983 action for monetary damages was wholly derivative of the EAHCA claim and thus could not go forward until the Moores had exhausted their EAHCA remedies. The court also rejected their request for Sec. 1988 fees as they did not demonstrate their status as prevailing parties.
 
 
 7
 The record supports the district court's decision in all respects. As an initial matter, the law is clear that individuals seeking a federal court remedy under the EAHCA must first exhaust state-created administrative remedies. Doe By and Through Doe v. Smith, 879 F.2d 1340, 1343-44 (6th Cir.1989), cert. denied, 493 U.S. 1025 (1990). This requirement can be bypassed only upon a demonstration that the administrative process would be futile or inadequate. Honig v. Doe, 484 U.S. 305, 326-27 (1988). Absent such a demonstration by the party seeking to avoid the exhaustion requirement, Honig, 484 U.S. at 327, parents and guardians must use the state process which the act specifies shall be provided to them. Crocker v. Tennessee Secondary School Athletic Ass'n, 873 F.2d 933, 935 (6th Cir.1989). In-class discipline of a handicapped child is a matter within the purview of the Act. 20 U.S.C. Sec. 1415(b)(1)(E); Hayes Through Hayes v. Unified School District No. 377, 877 F.2d 809, 812-13 (10th Cir.1989).
 
 
 8
 It is also clear that a due process hearing was available to the Moores and that they were aware of its availability. First, the Act contemplates that a due process hearing will be made available to resolve disputes. 20 U.S.C. Sec. 1415(b)(2). Second, the pamphlet provided to parents of handicapped children at the Harriman Schools alerts them to this right. Finally, Mrs. Moore's own motion for reconsideration contains an assertion that she intends to pursue a due process hearing. There is no persuasive evidence that going forward with the hearing would be futile. Under these circumstances, the district court correctly granted summary judgment to the defendants while keeping open the possibility that the Moores will be able to return to federal court should the administrative hearing prove unsatisfactory.
 
 
 9
 The district court found that, as the civil rights action under 42 U.S.C. Sec. 1983 is entirely derivative of the EAHCA claim, it may not go forward until the EAHCA exhaustion requirement is satisfied. The fact that the Moores seek a type of relief not available under the Act, namely, monetary damages, is not controlling. To hold otherwise would allow EAHCA plaintiffs "to frustrate Congressional purpose by bypassing the administrative process in virtually every case containing" damage claims derived from the Act. Waterman by Waterman v. Marquette-Alger Intermediate School Dist., 739 F.Supp. 361, 365 (W.D.Mich.1990) (citing with approval Brandon E. v. Wisconsin Dep't of Public Instruction, 595 F.Supp. 740, 745 (E.D.Wis.1984)).
 
 
 10
 Finally, the district court's decision to deny the Moores' request for attorney's fees under 42 U.S.C. Sec. 1988 appears proper. The claim was apparently based on the Moores' assertion that, as a result of the aborted administrative process, they qualified as "prevailing parties" within the meaning of Sec. 1988. The evidence in the record shows that, not only was the process incomplete, but that the limited "relief" achieved was an educational plan for DeWayne that substantially mirrored the one then in existence. Cf. Farrar v. Hobby, 113 S.Ct. 566, 573 (1992) (plaintiff "prevails" when actual relief on the merits of her claim materially alters the legal relationship between the parties). Again, the district court denied this request but left the door open should the situation change in further stages of this litigation.
 
 
 11
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.