110 F.3d 64
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
DeWayne MOORE; By and Through His Parents and Next Friends,
Ralph and Linda MOORE, Plaintiff-Appellant.
v.
HARRIMAN CITY SCHOOLS; Roane County Schools, Defendants-Appellees.
 No. 95-6641.
 United States Court of Appeals, Sixth Circuit.
 March 26, 1997.
 
 Before: WELLFORD, RYAN, and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Ralph and Linda Moore, on behalf of their son DeWayne, appeal a district court order denying their motion construed as one filed under Fed.R.Civ.P. 60(b) to reopen their civil action filed under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, et seq., and 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The Moores filed their complaint in the district court in 1990, objecting to the suspension of their son DeWayne from school on several occasions during the 1989-1990 school year. Plaintiffs sought injunctive relief, unspecified damages resulting from the suspensions, and attorney's fees incurred in administrative proceedings. The district court granted summary judgment for defendants because plaintiffs failed to exhaust their administrative remedies before bringing suit. This court affirmed the district court's judgment on appeal. Moore v. Harriman City Sch., No. 92-5572, 1994 WL 18021 (6th Cir. Jan. 21, 1994).
 
 
 3
 Thereafter, plaintiff's moved the district court to reopen their civil action on the ground that they exhausted their administrative remedies, and defendants responded in opposition. The district court concluded that plaintiff's cited no basis for relief from its judgment and denied the motion. This timely appeal followed, and both the district court and this court denied plaintiffs leave to proceed in forma pauperis on appeal. Plaintiffs then paid the appellate filing fee.
 
 
 4
 On appeal, plaintiffs contend that the district court's denial of relief from its earlier judgment conflicts with this court's decision on appeal from the earlier judgment. Defendants respond that the district court properly denied plaintiffs' motion to reopen the action. Upon consideration, we conclude that the district court did not abuse its discretion in denying plaintiff's motion for the reasons stated by the district court in its memorandum opinion filed October 23, 1995. See Browder v. Director, Dep't of Corrections, 434 U.S. 257, 263 n. 7 (1978); Hopper v. Euclid Manor Nursing Home, Inc., 867 F.2d 291, 294 (6th Cir.1989); Union Oil Co. v. Service Oil Co., 766 F.2d 224, 227 (6th Cir.1985). Plaintiffs' claims are barred under the applicable statute of limitations. See Hall v. Knott County Bd. of Educ., 941 F.2d 402, 408 (6th Cir.1991), cert. denied, 502 U.S. 1077 (1992); Janzen v. Knox County Bd. of Educ., 790 F.2d 484, 486 (6th Cir.1986). Further, plaintiffs' claim for reimbursement of attorney's fees is meritless. See Moore, 1994 WL at * 2.
 
 
 5
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.