**Lynn MEERS, as Guardian for Leslie Meers, Appellant,**

v.

**Debbie MEDLEY; Jim Flynn, Mary Comer; and Leon Mooneyhan, Appellees**

and

**Joey Rogers, Appellant,**

v.

**Debbie Medley; Jim Flynn, Mary Comer; and Leon Mooneyhan, Appellees.**

Nos. 2003–CA–001003–MR, 2003–CA–001008–MR.

Court of Appeals of Kentucky.

Oct. 29, 2004.

Rehearing Denied Dec. 22, 2004.

Discretionary Review Denied by Supreme Court Aug. 17, 2005.

---

29. KRS 160.390; KRS 160.370

F. Larkin Fore, Sarah M. Fore, Fore, Miller & Schwartz, Louisville, KY, for appellants.

John Frith Stewart, Stephen C. Emery, Segal, Stewart, Cutler, Lindsay, Janes & Berry, PLLC, Louisville, KY, for appellee, Debbie Medley.

John C. Fogle, III, Chenoweth Law Office, Frankfort, KY, for appellees, Jim Flynn, Mary Comer and Leon Mooneyhan.

Before MINTON, SCHRODER, and TAYLOR, Judges.

*OPINION*

TAYLOR, Judge.

Lynn Meers brings Appeal No.2003–CA–001003–MR from an April 25, 2003, Order of the Shelby Circuit Court. Joey Rogers brings Appeal No.2003–CA–001008–MR from an April 25, 2003, Order of the Shelby Circuit Court. We reverse and remand both appeals.

Meers and Rogers were students at Shelby County High School. Both suffer from severe disabilities and were placed into the special education program at the high school. On February 7, 2002, Meers and Rogers filed complaints in the Shelby Circuit Court, alleging that their teacher, Debbie Medley, physically and mentally abused them. Specifically, it was further alleged that both Meers and Rogers were "berated, harassed, embarrassed, abused physically and mentally by Medley."

Meers and Rogers also claimed that Jim Flynn (Principal of Shelby County High School), Mary Comer (Special Education Coordinator), and Leon Mooneyhan (Superintendent) (collectively referred to as appellees) "acted negligently, recklessly and/or grossly negligently" by failing to remove Medley as a teacher, by failing to monitor Medley, by failing to act on complaints about Medley, and by failing to enforce school policies. Each defendant/appellee was named in his/her individual capacity only.

Meers and Rogers claimed relief under 42 U.S.C.A. § 1983 (West 2003 & Supp. 2004), Kentucky Revised Statutes Chapter 344 (the Civil Rights Act), the torts of intentional infliction of emotional distress, assault, battery, negligence, and defamation. There are no claims asserted in the complaints under the Individuals With Disabilities Education Act (IDEA) (20 U.S.C.A. § 1400–1491o (West 2003 & Supp.2004)).

Appellees filed motions to dismiss in each case for lack of subject matter jurisdiction (Ky. R. Civ. P. (CR) 12.02), claiming Meers and Rogers failed to exhaust administrative remedies as required by the IDEA. The court dismissed the actions. These appeals follow.

In dismissing Meers' and Rogers' actions, the circuit court merely stated "[u]pon motion being made, and the Court being sufficiently advised, IT IS HEREBY ORDERED that this action be DISMISSED with prejudice." No grounds are stated for dismissal nor can we determine what part of the record, if any, was considered by the court in this ruling. As there exists interrogatory answers, verified responses, and other documents filed in the record, we assume the circuit court considered same and, thus, view the orders dismissing the actions as summary judgments. *See Ferguson v. Oates,* Ky., 314 S.W.2d 518 (1958).

Summary judgment is proper where there exists no issue of material fact and movant is entitled to judgment as a matter of law. CR 56; *Steelvest, Inc. v. Scansteel Service Center, Inc.,* Ky., 807 S.W.2d 476 (1991).

Resolution of both appeals centers upon a singular issue—whether Meers and Rogers were required to exhaust administrative remedies under the IDEA. For the reasons hereinafter stated, we are of the opinion the IDEA is inapplicable; thus, the circuit court improperly dismissed the actions.

The specified stated purposes of the IDEA are:

(1)(A) to ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for employment and independent living;

(B) to ensure that the rights of children with disabilities and parents of such children are protected; and

(C) to assist States, localities, educational service agencies, and Federal agencies to provide for the education of all children with disabilities;

(2) to assist States in the implementation of a statewide, comprehensive, coor-

dinated, multidisciplinary, interagency system of early intervention services for infants and toddlers with disabilities and their families;

(3) to ensure that educators and parents have the necessary tools to improve educational results for children with disabilities by supporting systemic-change activities; coordinated research and personnel preparation; coordinated technical assistance, dissemination, and support; and technology development and media services; and

(4) to assess, and ensure the effectiveness of, efforts to educate children with disabilities.

20 U.S.C.A. § 1400(d) (West 2000 & Supp. 2004).

█ At issue in these appeals is the exhaustion of administrative remedies provision found in the IDEA, which reads as follows:

Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990 [42 U.S.C. 12101 et seq.], title V of the Rehabilitation Act of 1973 [29 U.S.C. 791 et seq.], or other Federal laws protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) of this section shall be exhausted to the same extent as would be required had the action been brought under this subchapter.

20 U.S.C.A. § 1415(*l*) (West 2000 & Supp. 2004). Under the above exhaustion provision, an individual is required to exhaust administrative remedies before bringing a judicial action to obtain relief under the IDEA or before bringing a judicial action to obtain relief that is also available under

the IDEA. The Courts have not been consistent in interpreting the exhaustion of remedies provision of the IDEA. In *Covington v. Knox County School System*, 205 F.3d 912, 915–916 (6th Cir.2000), it was specifically observed that courts have given the provision varied interpretations:

We note that some courts have interpreted 1415 to require the exhaustion of administrative remedies even when the plaintiffs do not rely exclusively on the IDEA as the source of their claims. For example, several courts have held that exhaustion is required when plaintiffs bring 1983 suits based on violations of the IDEA. *See, e.g., N.B. v. Alachua County Sch. Bd.*, 84 F.3d 1376, 1379 (11th Cir.1996), *cert. denied*, 519 U.S. 1092, 117 S.Ct. 769, 136 L.Ed.2d 715 (1997); *Mrs. W. v. Tirozzi*, 832 F.2d 748, 756 (2d Cir.1987); *W.L.G. v. Houston County Bd. of Educ.*, 975 F.Supp. 1317, 1328 (M.D.Ala.1997). Additionally, some courts have held that whenever a claim falls within the purview of the IDEA— that is, whenever it relates to the provision of a free appropriate public education to a disabled child exhaustion is required, whether or not the plaintiff characterizes the claim as one arising under the IDEA.

█ In the case sub judice, we are persuaded by the reasoning contained in *Stutts v. Eastern Kentucky University*, 307 F.Supp.2d 853, 857–858 (E.D.Ky.2004) and adopt its interpretation of the exhaustion of remedies provision:

In determining whether relief is available under the IDEA where claims are brought pursuant to other statutes, courts have looked to the nature of the wrongs alleged. Complaints concerning the general disciplinary practices of a school district have been understood to relate to the way that the district provides education and thus necessarily

come within the scope of the IDEA. *Covington,* 205 F.3d at 916 (*citing Hayes,* 877 F.2d at 812–13; *Moore v. Harriman City Schools,* 16 F.3d 1220, No. 92–5572, 1994 WL 18021, at 1 (6th Cir.Jan.21, 1994); *Waterman,* 739 F.Supp. at 365; *Pullen v. Botetourt County Sch. Bd.,* No. 94–686–R 1995 WL 738983, at 4 (W.D.Va. Feb. 13, 1995)). By contrast, allegations of physical assault or sexual abuse of a student by a school staff member or administrator would fall outside of the scope of the IDEA since they are not related to the way that a school provides education. (footnote omitted).

Under this interpretation of the exhaustion provision, allegations relating to school discipline are deemed as claims available under the IDEA and are subject to the exhaustion of administrative remedies requirement of the IDEA. By contrast, allegations relating to physical assault or abuse are deemed as claims outside the scope of the IDEA and are not subject to the exhaustion of administrative remedies requirement.

■ In the case at hand, Meers and Rogers specifically claim:

Medley verbally threatened and harassed Joey throughout the school year. She humiliated him by telling his [sic] he ate like an animal. Medley repeatedly and abusively berated Joey for his inability to stop drooling. She threatened him with a balled fist if he could not or did not do what she told him to do. Medley also physically abused him and treated him roughly under the guise of assisting him. Joey was also greatly distress [sic] as he witnessed Medley physically and mentally abuse other students in the FMD [Functional Mental Disabilities] class on a daily basis and he was forced to withstand the hostile classroom environment. . . .

Leslie was also subject to Medley's daily verbal and physical abuse at least as far back as August 2000 and until March 2001 when Medley was (temporarily) removed from the classroom. Leslie was harassed, verbally assaulted and humiliated by Medley. Medley also repeatedly used abusive and unnecessary physical restraint with Leslie, stepping on Leslie's hair, pinching her buttocks and bending her fingers back among other things. Leslie has also come home from school with scratches and red marks on her after her mother and guardian, Lynn Meers, complained to the school of Leslie's treatment at the High School.

Appellant's Brief at 9–10.

We do not view Meers' and Rogers' allegations as encompassing "general disciplinary practices." Rather, we think the allegations asserted by Meers and Rogers are best described as allegations of physical and mental assault and/or abuse, which are not within the scope of the IDEA. Our decision is further supported by the report of the Cabinet for Families and Children. This report substantiated that adult "abuse" had occurred by Medley against students in her classroom.[1]

Accordingly, we are of the opinion that Meers' and Rogers' claims are not within the scope of the IDEA and, thus, exhaustion of administrative remedies under the IDEA is not required. As such, we conclude the circuit court erroneously entered

---

1. Additionally, even if the Individuals With Disabilities Education Act (IDEA) (20 U.S.C.A. § 1400–1491o (West 2003 & Supp. 2004)) were applicable, we harbor grave doubt as to whether Meers' and Rogers' civil rights claims under Kentucky Revised Statutes Chapter 344 would be subject to the exhaustion of remedies requirement of the IDEA.

summary judgments dismissing Meers' and Rogers' actions.

For the foregoing reasons, the orders of the Shelby Circuit Court are reversed and these causes are remanded for proceedings not inconsistent with this opinion.

ALL CONCUR.