68 F.3d 480
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John CAMPBELL; Noel Furman; Arrin Campbell; Nathan Morin;
Collette Furman; Mary Campbell; Susan Morin,
Plaintiffs-Appellants,
v.
NYE COUNTY SCHOOL DISTRICT; Selway L. Mulkey; Lanny C.
Weyen; Robert W. Ragar, Defendants-Appellees.
 No. 94-15747.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 11, 1995.
Decided Oct. 10, 1995.
 
 Before: HALL, KOZINSKI, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellants appeal the dismissal of their class action under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. Sec. 1401, et seq. (1995), and 42 U.S.C. Sec. 1983 (1995). The district court dismissed both claims for failure to exhaust state administrative remedies as required by 20 U.S.C. Sec. 1415(e)(2) and 20 U.S.C. Sec. 1415(f). Although Appellants' IDEA and Sec. 1983 claims based on the District's disciplinary suspensions and failure to provide educational evaluations are properly barred, their Sec. 1983 claim for compensatory damages for beatings by school personnel is not.
 
 I.
 
 3
 We review de novo the district court's decision to dismiss IDEA claims for failure to exhaust administrative remedies. Hoeft v. Tuscon Unif. Sch. Dist., 967 F.2d 1298, 1303 (9th Cir.1992).
 
 
 4
 Judicial review of an IDEA claim is generally permitted only after a claimant exhausts state administrative remedies. 20 U.S.C. Sec. 1415(e)(2). There are, however, two exceptions to this exhaustion requirement. Failure to exhaust may be excused where resort to state procedures would be futile or inadequate. Hoeft, 967 F.2d at 1303. The party alleging futility or inadequacy bears the burden of proof. Id. The second exception excuses exhaustion if a state agency "has adopted a policy or pursued a practice of general applicability that is contrary to the law." Id. at 1303-04 (quoting H.R.Rep. No. 296, 99th Cong., 1st Sess. 7 (1985)).
 
 
 5
 Appellants claim that they should be excused from the exhaustion requirement for two reasons. They first claim that the District's individualized due process hearings under Sec. 1415(b)(2) are inadequate to remedy either the District's overuse of disciplinary suspensions or its failure to create Individual Educational Programs (IEPs) when such a large number of students is impacted. Appellants also claim that regularly suspending disabled children is a practice contrary to law.
 
 
 6
 Both of Appellants' arguments fail. To prove inadequacy, a litigant must show that the administrative process itself has broken down or that structural (and not substantive) systemic reform is necessary--a need for "class-wide," injunctive relief is simply not enough by itself. Hoeft, 967 F.2d at 1308-09. This Court's decision in Hoeft controls. In that case, the plaintiffs sued under IDEA in federal court when the school district denied their request for extended school year programming. The court concluded that the claim did not require systemic relief since the plaintiffs sought substantive changes in only one aspect of the children's education; it then dismissed the class action claim for failure to exhaust state remedies. Similarly, the use of disciplinary suspensions in this case does not rise to systemic levels--it is only one aspect of Appellants' education and has only occurred in one of the District's schools.[1]
 
 
 7
 Appellants are unable to fit their claim into the "contrary to the law" exception either. To avail himself of this exception, a party must show (1) that the question involved is purely legal and (2) that federal court intervention is necessary because the state will be unable to resolve the problem through its own system. Hoeft, 967 F.2d at 1304-05. Even a policy of disciplinary suspensions would not violate the IDEA as a matter of law. See Gonzalez ex. rel. Doe v. Maher, 793 F.2d 1470, 1486 (9th Cir.1986), aff'd sub nom. Honig v. Doe, 484 U.S. 305 (1988). Whether the disciplinary suspensions in question deprived Appellants of a free and appropriate public education is a question that requires factual inquiry. Furthermore, this is not the kind of problem that higher Nevada school officials cannot solve without the intervention of a federal court.
 
 
 8
 Because Appellants were therefore required to exhaust their administrative remedies but did not, the district court correctly dismissed their IDEA claim.[2]
 
 II.
 
 9
 A Sec. 1983 claimant is not normally required to exhaust state remedies, Wilder v. Virginia Hosp. Assoc., 496 U.S. 498, 523 (1990), although a court may in its discretion so require, Hoeft v. Tucson Unified School Dist., 967 F.2d 1298, 1302 (9th Cir.1992). Since we are determining whether 26 U.S.C. Sec. 1415(f) requires a Sec. 1983 plaintiff to exhaust state remedies before bringing her suit for compensatory damages, we are examining a question of law which is reviewed de novo. United States v. Yacoubian, 24 F.3d 1, 3 (9th Cir.1994).
 
 
 10
 Section 1415(f) specifically preserves the "rights, procedures, and remedies available under the Constitution .. or other Federal statutes protecting the rights of children and youth with disabilities." It is settled that the IDEA does not completely bar Sec. 1983 claims. Mrs. W. v. Tirozzi, 832 F.2d 748 (2d Cir.1987). However, if a Sec. 1983 claim could have been brought under the IDEA, the plaintiff must jump the exhaustion hurdle just as if she had brought the suit under the IDEA. 20 U.S.C. Sec. 1415(f).
 
 
 11
 Appellants' Sec. 1983 claim prays for two remedies: (1) remedial damages for lost education due to both the District's failure to provide IEPs and its use of disciplinary suspensions; and (2) compensatory damages for the alleged beatings of the children by school personnel. Although the first issue could have been brought under the IDEA so that the failure to exhaust state remedies is a bar, we are convinced that the second issue could not have been.
 
 
 12
 The District points to Hayes v. Unif. School Dist. No. 377, 877 F.2d 809, 812 (10th Cir.1989), for the proposition that school discipline is within the scope of the IDEA. In Hayes, parents challenged the district's practice of placing unruly, disabled children in a "time-out" room away from other students. The court concluded that "discipline in the classroom ... is a matter that relates to a free and public education." Id. at 813.
 
 
 13
 Even if we accept Hayes' holding, it is inapposite. We agree that the District's periodic suspension of Appellants impacts their education and therefore could have been brought under IDEA; it is therefore barred. However, the beatings alleged by Appellants go far beyond what the Hayes court envisioned when it spoke of "time-out rooms" and "discipline." First, plaintiffs made no claim that the beatings were disciplinary in nature, but rather sought relief from "random" violence. Second, they could not be disciplinary, since Nevada law specifically forbids corporal punishment in school. See Nev.Rev.Stat. Sec. 392.465. This latter claim therefore falls outside the scope of the IDEA and is properly before the federal courts.
 
 
 14
 This aspect of the Sec. 1983 claim is REVERSED and remanded to the District Court for consideration. All other aspects of the district court's order are AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Any contention that the administrative process has broken down is unfounded in light of the on-going due process hearings between Appellants and the District
 
 
 [2]
 Since Appellant's motion for a preliminary injunction rested on this claim, it was properly denied