*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2000 FED App. 0079P (6th Cir.)
File Name: 00a0079p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

| | | |
|---|---|---|
| BURMA L. COVINGTON, Natural parent and legal conservator of DAVID JASON COVINGTON, *Plaintiff-Appellant.* <br><br> *v.* <br><br> KNOX COUNTY SCHOOL SYSTEM; KNOX COUNTY BOARD OF EDUCATION; ALLEN MORGAN, in his official capacity as Superintendent; DONNA PARKER, individually and in her official capacity as Principal; LINDA K. CATHEY, individually and in her official capacity as a Knox County School Official; JOE MARLIN, individually and in his official capacity as a Knox County School Official; MAUREEN UMBEHAGEN, individually and in her official capacity as a Knox County School | ⌐<br>¦<br>¦<br>¦<br>¦<br>><br>¦<br>¦<br>¦<br>¦<br>¦<br>¦<br>¦<br>¦<br>¦<br>¦<br>¦<br>¦<br>¦<br>¦<br>¦<br>¦<br>¦<br>¦ | No. 99-5210 |

1

Official; KNOX COUNTY,                !
TENNESSEE,                            !
            *Defendants-Appellees.*   !
                                      B

Appeal from the United States District Court
for the Eastern District of Tennessee at Knoxville.
No. 98-00207—James H. Jarvis, District Judge.

Submitted:  December 10, 1999

Decided and Filed:  March 6, 2000

Before:  BATCHELDER and MOORE, Circuit Judges;
          O'MALLEY,\* District Judge.

_____

**COUNSEL**

**ON BRIEF:**  Danny Paul Dyer, GENTRY, TIPTON, KIZER & McLEMORE, Knoxville, Tennessee, Mark P. Jendrek, Knoxville, Tennessee, for Appellant. Mary A.R. Stackhouse, Knoxville, Tennessee, William A. Young, O'NEIL, PARKER & WILLIAMSON, Knoxville, Tennessee, Pamela L. Reeves, WATSON, HOLLOW & REEVES, Knoxville, Tennessee, Robert L. Crossley, Sr., CROSSLEY LAW FIRM, Knoxville, Tennessee, John E. Owings, KNOX COUNTY LAW DIRECTOR'S OFFICE, Knoxville, Tennessee, for Appellees.

_____

\*The Honorable Kathleen McDonald O'Malley, United States District Judge for the Northern District of Ohio, sitting by designation.

---

**OPINION**

---

KAREN NELSON MOORE, Circuit Judge.  Plaintiff-appellant Burma Covington, acting as legal conservator for her disabled son Jason, appeals the district court's grant of summary judgment for the defendants due to Covington's failure to exhaust her administrative remedies under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 *et seq.*  Covington argues that her claim, which alleges violations of David's substantive due process rights by his special education school and its officials, does not arise under the IDEA and therefore does not require exhaustion. She further contends that, even if her complaint falls within the scope of the IDEA, exhaustion would be futile in the circumstances of this case and therefore is not required. Because we agree that exhaustion is futile when, as here, damages are the only suitable remedy for the plaintiff's alleged injuries and yet damages are unavailable through the administrative process, we **REVERSE** the district court's grant of summary judgment and **REMAND** for further proceedings.

**I. BACKGROUND**

David Jason Covington was born on March 8, 1978, and was a special education student at the Knoxville Adaptive Education Center (KAEC) from 1990 until he graduated with a special education diploma in May 1996.  He suffers from multiple mental and emotional disabilities.

Burma Covington alleges that, on several occasions between 1990 and 1994, Jason was locked in a "time-out room" that could only be unlocked from the outside.  The time-out room, which Covington identifies as a "disciplinary

measure," is described in the complaint[1] as being approximately four feet by six feet, dark and "vault-like," with a concrete floor, no furniture, no heat, no ventilation, and only one small reinforced window located at least five feet above the floor. Covington claims that Jason was repeatedly locked in the time-out room for several hours at a time without supervision and was often not allowed to leave the room for lunch. On at least one occasion, Jason was allegedly made to disrobe before being locked in the time-out room. Covington further alleges that on at least one occasion, because of the lack of supervision by school officials and the long duration of his confinement, Jason was forced to relieve himself on the concrete floor of the room and to remain there with his excrement for a period of time.

As a result of these incidents, Burma Covington filed an administrative complaint with the Tennessee Department of Education on March 17, 1994. The Department of Education referred the complaint to the Knox County School System, which responded to the complaint by means of a letter that denied the allegations in part and attempted to explain the school officials' actions, but offered no other relief. Covington subsequently requested a due process hearing, as permitted by the IDEA, *see* 20 U.S.C. § 1415(f), describing the reason for this request as "inappropriate discipline, including abusive confinement in a locked time out room." J.A. at 77 (Letter from Gary Buchanan, att'y for pl.). Over the next three years, this hearing and the related discovery were repeatedly scheduled, delayed, and re-scheduled. The record evidence suggests, and the district court found, that Covington was largely responsible for the delays.

Although no due process hearing had yet taken place, Covington filed a complaint in federal district court on

Following *Witte*, *Matula*, and *Plasencia*, we therefore hold that, while a claim for money damages does not automatically create an exception to the exhaustion requirement of the IDEA, in this case exhaustion would be futile because money damages, which are unavailable through the administrative process, are the only remedy capable of redressing Jason's injuries.

### III.  CONCLUSION

For the foregoing reasons, we **REVERSE** the district court and **REMAND** for further proceedings.

---

[1] In response to the defendant's motion for summary judgment, Covington presented an affidavit, testifying to and incorporating all the allegations of the complaint. Thus, the allegations of the complaint also constitute the plaintiff's substantive evidence on summary judgment.

education school officials, was not required to exhaust formal administrative remedies, because the parties had already informally agreed to provide the injured child with all "remedies that are available under the IDEA," *see id.* at 1276. Furthermore, the *Witte* court noted that the relief sought for the plaintiff's injuries was "retrospective only" and that the relief available under the IDEA was not well-suited to remedying past instances of physical injury. *See id.*

In Jason's case, as in *Plasencia*, "the condition creating the damage has ceased," and there is no equitable relief that would make Jason whole. *Plasencia*, 29 F. Supp. 2d at 1152; *cf. Padilla v. School Dist. No. 1*, 35 F. Supp. 2d 1260, 1265-66 (D. Colo. 1999) (holding that exhaustion was not required because the plaintiff had moved outside the school district and the administrative officer consequently lacked the authority to grant relief). *But see N.B.*, 84 F.3d at 1379 (finding it irrelevant, for exhaustion purposes, that the plaintiff "no longer attends any of the defendant school districts"); *Torrie v. Cwayna*, 841 F. Supp. 1434, 1442 (W.D. Mich. 1994) (same). Furthermore, we note that our holding in the instant case does not conflict with our prior holding in *Doe v. Smith*, 879 F.2d 1340 (6th Cir. 1989). In *Doe v. Smith*, we held that parents may not avoid the state administrative process through "the unilateral act of removing their child from a public school." *Id.* at 1343. There was no showing in that case that following the school system's administrative procedure would have been futile; indeed, the relief sought by the plaintiff in *Doe v. Smith* – a more appropriate educational placement, provided at public expense – is precisely the kind of relief that the state administrative process is equipped to afford. *See id.* at 1341-42. Therefore, *Doe v. Smith* is inapplicable to a case such as Covington's, where the administrative process would be incapable of imparting appropriate relief due to the nature of Jason's alleged injuries and the fact that he has already graduated from the special education school, not due to Covington's unilateral act.

April 3, 1998, under 42 U.S.C. § 1983, alleging violations of Jason's Fourth, Fifth, and Fourteenth Amendment rights and raising state-law claims of intentional infliction of emotional distress and false imprisonment. The complaint did not allege violations of, or even mention, the IDEA. The defendants moved for summary judgment. Following *Hayes v. Unified School District No. 377*, 877 F.2d 809, 813-14 (10th Cir. 1989), the district court found that Covington was required to exhaust her administrative remedies as contemplated by the IDEA, because her complaint involved the school's disciplinary practices. The court stated, "It is undisputed that the use of the 'time-out' room as a disciplinary measure was a matter mentioned in the plaintiff's IEP [Individualized Education Program] and a matter subject to the IDEA." J.A. at 283 (D. Ct. Op.). The court also noted that Covington had commenced the administrative process under the IDEA. Finding that Covington had not exhausted her administrative remedies and that she had failed to demonstrate that such exhaustion would be futile, the district court granted the defendants' summary judgment motion and dismissed the case without prejudice.

Covington filed a motion to alter or amend the judgment, arguing that the district court's opinion was based on facts not in the record, that her cause of action does not arise under the IDEA and therefore exhaustion was not required, that exhaustion would be futile because the available administrative remedies are inadequate, and that the district court's decision results in a violation of Jason's equal protection rights. The district court denied that motion without opinion on January 13, 1999. The appellant then filed a timely notice of appeal. In her brief, Covington raises essentially the same issues that she raised below, with the exception that she appears to have abandoned her Fourth Amendment and procedural due process claims, arguing only that the school's actions violated Jason's substantive due process rights under the Fourteenth Amendment. Furthermore, Covington argues for the first time on appeal that requiring her to exhaust her administrative remedies

would violate Jason's Seventh Amendment right to trial by jury.

## II. ANALYSIS

### A. Summary Judgment Standard

This Court reviews a district court's grant of summary judgment de novo. *See EEOC v. Northwest Airlines, Inc.*, 188 F.3d 695, 701 (6th Cir. 1999). Summary judgment should be granted only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c); *Johnson v. United States Postal Serv.*, 64 F.3d 233, 236 (6th Cir. 1995). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to come forward with evidence showing that there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

### B. The Exhaustion Requirement Under the IDEA

The IDEA provides that plaintiffs must exhaust their administrative remedies before bringing suit in federal court to obtain relief that is also available under the IDEA.[2] *See Doe v. Smith*, 879 F.2d 1340, 1343-44 (6th Cir. 1989), *cert. denied*, 493 U.S. 1025 (1990); *Crocker v. Tennessee Secondary Sch. Athletic Ass'n*, 873 F.2d 933, 935-36 (6th Cir.

---

[2]The act currently known as the IDEA has had several different names since it was first adopted in 1975, including the Education of the Handicapped Act (EHA) and the Education of All Handicapped Children Act (EAHCA). For the sake of consistency, we refer to the Act as "the IDEA" throughout this opinion, even when the case cited uses one of the Act's former names.

KAEC has engaged in a "policy or practice" that is contrary to law by locking children in the time-out room.

Although we agree with those courts that have decided that a mere claim for money damages is not sufficient to render exhaustion of administrative remedies unnecessary, we hold that in the unique circumstances of this case – in which the injured child has already graduated from the special education school, his injuries are wholly in the past, and therefore money damages are the only remedy that can make him whole – proceeding through the state's administrative process would be futile and is not required before the plaintiff can file suit in federal court.[7] Thus, as one court has stated, "[a]lthough exhaustion cannot be waived whenever a plaintiff seeks monetary damages rather than relief that is available under the administrative scheme, where there is no administrative remedy for a wrong that the plaintiff has suffered, exhaustion is futile and may be waived." *Plasencia v. California*, 29 F. Supp. 2d 1145, 1150 (C.D. Cal. 1998) (citing *W.B. v. Matula*, 67 F.3d 484 (3d Cir. 1995)). *See also Matula*, 67 F.3d at 495-96 (holding that exhaustion is not required for plaintiffs seeking money damages, because damages are unavailable through the administrative process, and because all other relief available to the plaintiffs under the IDEA had already been provided through a settlement agreement). Similarly, the United States Court of Appeals for the Ninth Circuit recently held in *Witte v. Clark County School District*, 197 F.3d. 1271 (9th Cir. 1999), that the plaintiff, who was seeking monetary damages for physical and verbal abuse by special

---

[7]We read Covington's complaint as putting forth only damages claims, despite the fact that Covington also requested "a permanent injunction enjoining Defendants from engaging in future acts of involuntarily confining public school students in the manner described herein." J.A. at 17. Covington has not filed a class action, nor has she demonstrated any other basis upon which she should be entitled to assert the rights of other public school students to relief that would not affect Jason. Therefore, Covington's claim for injunctive relief does not enter into our analysis.

1989) (*Crocker I*). Specifically, the statutory language states as follows:

> Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990 [42 U.S.C. § 12101 et seq.], title V of the Rehabilitation Act of 1973 [29 U.S.C. § 791 et seq.], or other Federal laws protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) of this section shall be exhausted to the same extent as would be required had the action been brought under this subchapter.

20 U.S.C. § 1415(l).[3]  Furthermore, § 1415(i)(2) clearly contemplates that plaintiffs will exhaust their administrative remedies before bringing a civil action to enforce their rights under the IDEA.[4] *See Honig v. Doe*, 484 U.S. 305, 326-27 (1988) (citing § 1415(e)(2), the predecessor to § 1415(i)(2)); *Crocker I*, 873 F.2d at 935 (same).

Covington argues that her claim does not arise under the IDEA and therefore that exhaustion is not required in her case. Rather, she urges, her complaint concerns abusive behavior that constitutes an independent constitutional violation. We note that some courts have interpreted § 1415 to require the exhaustion of administrative remedies even

---

[3] Subsections (f) and (g) provide for a due process hearing and appeal at the state agency level. *See* 20 U.S.C. §§ 1415(f), (g).

[4] That subsection provides that any party aggrieved by the administrative findings and decision "shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy." 20 U.S.C. § 1415(i)(2)(A).

906 F. Supp. 1092, 1098 (S.D.W. Va. 1995) (noting that "a clear majority of courts hold exhaustion necessary despite the assertion of a contemporaneous § 1983 claim for damages"), *appeal dismissed*, 79 F.3d 1141 (4th Cir. 1991); *Waterman*, 739 F. Supp. at 364-66. The rationales for requiring exhaustion even when the plaintiff seeks money damages are that plaintiffs could otherwise circumvent the IDEA's elaborate scheme simply by appending a claim for damages, *see Waterman*, 739 F. Supp. at 365, and that the administrative process might ultimately afford sufficient relief to the injured party, even if it is not the specific relief that the plaintiff requested, *see Charlie F.*, 98 F.3d at 991-93.

## C. Exceptions to the Exhaustion Requirement

Nonetheless, both the Supreme Court and this court have held that exhaustion is not required under the IDEA in certain circumstances. Exhaustion is not required if it would be futile or inadequate to protect the plaintiff's rights. *See Honig*, 484 U.S. at 326-27; *Smith*, 879 F.2d at 1343; *Crocker I*, 873 F.2d at 936. Nor is exhaustion required if the plaintiffs were not given full notice of their procedural rights under the IDEA. *See Crocker I*, 873 F.2d at 936. The burden of demonstrating futility or inadequacy rests on the party seeking to bypass the administrative procedures. *See Honig*, 484 U.S. at 327.

Covington argues that she was not required to exhaust her administrative remedies, because to do so would have been futile and would have afforded her inadequate relief. First, she points out, she is seeking money damages, which are not available through the administrative process. *See* TENN. CODE ANN. § 49-10-601 (1996). Second, Jason has already graduated from KAEC; consequently, injunctive or other equitable relief cannot alleviate his injuries. Finally, relying on an exception to the exhaustion requirement, which has been recognized by the Second Circuit, when "an agency has adopted a policy or pursued a practice of general applicability that is contrary to the law," *Mrs. W.*, 832 F.2d at 756 (quoting H.R. REP. NO. 99-296, at 7 (1985)), Covington argues that

when the plaintiffs do not rely exclusively on the IDEA as the source of their claims. For example, several courts have held that exhaustion is required when plaintiffs bring § 1983 suits based on violations of the IDEA. *See, e.g.*, *N.B. v. Alachua County Sch. Bd.*, 84 F.3d 1376, 1379 (11th Cir. 1996), *cert. denied*, 519 U.S. 1092 (1997); *Mrs. W. v. Tirozzi*, 832 F.2d 748, 756 (2d Cir. 1987); *W.L.G. v. Houston County Bd. of Educ.*, 975 F. Supp. 1317, 1328 (M.D. Ala. 1997). Additionally, some courts have held that whenever a claim falls within the purview of the IDEA – that is, whenever it relates to the provision of a "free appropriate public education" to a disabled child – exhaustion is required, whether or not the plaintiff characterizes the claim as one arising under the IDEA. *See Hayes*, 877 F.2d at 813-14; *Franklin v. Frid*, 7 F. Supp. 2d 920, 922, 925-26 (W.D. Mich. 1998) (concluding that despite allegations of a school official's intentionally humiliating, poking, hitting, slapping, and verbally abusing a student, the "gravamen of the claim" fell within the purview of the IDEA, requiring exhaustion); *Waterman v. Marquette-Alger Intermediate Sch. Dist.*, 739 F. Supp. 361, 364-65 (W.D. Mich. 1990) (citing *Hayes*). *Hayes*, *Franklin*, and *Waterman* concluded that complaints concerning the disciplinary practices of a school district relate to the way that the district provides education, and thus necessarily come within the scope of the IDEA.[5] However, because we conclude that exhaustion would be futile in Covington's case, there is no need to address the issues involved in *Hayes*. Thus, we express no opinion as to whether Covington's complaint falls within the ambit of the

_____

[5]Covington also argues that because there is no evidence in the record indicating that the time-out room was discussed in Jason's IEP, the district court erred in concluding that the discipline used on Jason fell under the IDEA. While Covington's characterization of the record on this point may be accurate, we do not read *Hayes* so narrowly. *Hayes* and the related cases emphasize, instead, the disciplinary nature of the school officials' actions and their educational source; they do not seem to depend upon a finding that the specific disciplinary matter about which the plaintiff complains was addressed in that student's IEP.

IDEA or whether a plaintiff who has stated a claim independent of the IDEA must still utilize the state's administrative process before filing in federal court. For the same reason, we do not reach Covington's equal protection or Seventh Amendment claims.

Covington further contends that because the plain language of 20 U.S.C. § 1415(l) requires exhaustion only when the plaintiff seeks relief "that is also available under" the IDEA, and because general money damages are not available under the IDEA, *see Crocker v. Tennessee Secondary Sch. Athletic Ass'n*, 980 F.2d 382, 386-87 (6th Cir. 1992) (*Crocker II*), she was not required to exhaust her administrative remedies. We disagree that the plaintiff's damages claim alone excuses her from exhausting her administrative remedies. Although the Sixth Circuit has not decided the question,[6] most courts have held that a plaintiff seeking money damages is required to exhaust administrative remedies under the IDEA, even if money damages are not available under the IDEA or through the administrative process. *See, e.g.*, *Charlie F. v. Board of Educ.*, 98 F.3d 989, 991-93 (7th Cir. 1996); *Doe v. Alfred*,

_____

[6]In *Crocker I*, this court held that parents suing under the IDEA were required to exhaust their administrative remedies. *See Crocker I*, 873 F.2d at 936. In a subsequent appeal after remand, this court held that those plaintiffs could not obtain general damages under the IDEA for emotional or dignitary injuries, nor could they do so by bringing a § 1983 suit for such general damages based on violations of the IDEA. *See Crocker II*, 980 F.2d at 386-87; *see also Hall v. Knott County Bd. of Educ.*, 941 F.2d 402, 406-07 (6th Cir. 1991) (holding that plaintiffs can obtain reimbursement for past or future educational expenses under the IDEA but not general damages, such as compensation for lost earning power), *cert. denied*, 502 U.S. 1077 (1992). In deciding *Crocker* and *Hall*, we relied in part on the Supreme Court's insistence that, although plaintiffs can obtain reimbursement for educational costs under the IDEA, such reimbursement should not be characterized as "damages." *See School Comm. v. Department of Educ.*, 471 U.S. 359, 370-71 (1985). We have not previously considered the question whether exhaustion is required by the legislative scheme of the IDEA when a plaintiff asserts a valid damages claim under § 1983 that is not cognizable under the IDEA, however.