Cloudia HILL, by and through her next friends and mother and father, Patricia HILL and Kerry Hill, and Patricia Hill and Kerry Hill, Plaintiffs,

v.

McNAIRY COUNTY BOARD OF EDUCATION, Charles Miskelly, Superintendent of McNairy County Schools in his individual capacity, Sue Prather, in her individual capacity, Darlene Null, in her individual capacity, Judy Turner, in her individual capacity, Dianne Brooks, in her individual capacity, Brenda Rankin, in her individual capacity, and Billy Joe Glover, in his individual capacity, Defendants.

No. 03–1219 T/AN.

United States District Court,
W.D. Tennessee,
Eastern Division.

Oct. 11, 2004.

Suzanne Michelle, Esq., Blackburn & McCune, P.C., Nashville, TN, for Plaintiff.

Charles M. Purcell, Jennifer Craig, Waldrop & Hall, Jackson, TN, for Defendant.

## ORDER GRANTING DEFENDANTS' MOTION TO COMPEL EDUCATIONAL AND BEHAVIORAL EVALUATION

ANDERSON, United States Magistrate Judge.

Before the Court is Defendants' Motion to Compel an Educational and Behavioral Evaluation filed on July 13, 2004. For the reasons set forth below, the Motion is **GRANTED.**

### *BACKGROUND*

This is an action brought by Patricia Hill and Kerry Hill ("Hills") individually and as the parents of Cloudia Hill ("Cloudia"). Cloudia is twenty years old and has been diagnosed with autism and mental retardation. (Sec.Am.Compl.) Because of her developmental disabilities, Cloudia qualifies as a person under disability on accrual of right as defined in Tenn.Code Ann. § 28–1–106. *Id.* Prior to filing the Complaint, Cloudia was a student in the McNairy School system.

The Plaintiffs bring this action pursuant to 42 U.S.C. § 1983, 20 U.S.C. § 1401 et seq., the Individuals with Disabilities Education Act and Tenn.Code Ann. § 49–10–101, et seq. The Plaintiffs seek injunctive relief and monetary damages. *Id.*

The Plaintiffs allege that Cloudia suffered abuse and mistreatment while attending school in McNairy County. They allege she was physically assaulted and abused by several of the Defendants, and that the McNairy County Board of Education completely failed to provide services designed to address Cloudia's needs as a student with autism. *Id.* They allege that Cloudia was isolated from other students, inappropriately restrained and neglected while at school. They allege that Cloudia suffered severe anxiety while

attending school, and that she engaged in self-mutilation as a consequence of her anxiety. *Id.*

In 2000 and 2002, the Hills filed requests for due process hearings pursuant to the Individuals with Disabilities Education Act ("IDEA"). On August 19, 2002 an Administrative Law Judge with the Tennessee Department of Education issued a Final Order which required: (1) an independent evaluation to determine whether autism was an appropriate diagnosis for Cloudia; (2) that the school system develop a special education program tailored to Cloudia's unique needs including physical therapy, occupational therapy and speech therapy, and; (3) that the school system provide Cloudia with an additional year of compensatory education. (Ex. "A", Sec.Am.Compl.). The Plaintiffs contend that the McNairy County Board of Education defied the Administrative Order and that Cloudia is still not receiving the services she needs and that she is entitled to pursuant to the IDEA. They seek an injunction to enforce the Administrative Order and the appointment of a Special Master to oversee "the implementation of the compensatory education ordered by the Administrative Court." (Sec.Am.Compl.) They also seek unspecified damages "to compensate Cloudia for sixteen years of pain and suffering", punitive damages, medical expenses to repair Cloudia's front tooth and reasonable attorney fees and costs.

In the Memorandum of Law filed in Support of Defendants' Motion to Compel an Educational and Behavioral Evaluation of Cloudia, the Defendants state that the Plaintiffs have identified eight individuals who the Plaintiffs may call to testify as experts at trial. These include a psychiatrist, treating physician and six individuals associated with the Judevine Center for Autism ("Judevine") located in St. Louis, Missouri. The Defendants state that all of these individuals have met with Cloudia and her parents "for purposes of conducting evaluations incident to the formulation of opinions, which will be proffered as expert testimony by the Plain-

tiff." (Mem. of Law in Supp. of Mot. to Compel Ed. and Behav. Eval.). One of the individuals associated with Judevine, Ms. Jeanne Marshall, will apparently opine that the Defendants failed to provide Cloudia with appropriate services and' that the use of "abusive punishment techniques" have impacted Cloudia. *Id.* She will also opine that Cloudia will require a minimum of five years of highly structured programming such as those offered by Judevine.

The Defendants point out that while the Plaintiffs have willingly submitted to evaluations by the individuals identified above, they refuse to submit to an evaluation by an expert retained by the Defendants, Dr. Craig H. Kennedy. Dr. Kennedy is the Director of the Behavioral Disorders Clinic and is Professor of Special Education and Pediatrics at Vanderbilt University. *Id.* He is a Board Certified Behavioral Analyst and is Co–Director of the Masters of Special Education Program at Vanderbilt University. Dr. Kennedy received a Masters of Science degree from the University of Oregon in 1988 with an emphasis in special education, and has written numerous articles published in professional publications. *Id.* He recently co-authored a textbook used at Vanderbilt University entitled "Including Students With Severe Disabilities". The Defendants state that Dr. Kennedy will not examine Cloudia for purposes of conducting a psychological evaluation as he is not a psychologist. Rather, he proposes to review previous psychological evaluations, observe Cloudia and interview her parents and teachers and then render an opinion as to whether the educational setting provided by McNairy County constituted an appropriate education. He will also render an opinion concerning the necessity of placing Cloudia in a highly structured environment such as Judevine.

In their Response in Opposition to Defendants' Motion to Compel an Educational and Behavioral Evaluation, the Plaintiffs state that: (1) the Court lacks legal authority to order the Hills and Cloudia to submit to a physical or mental examination [1]; (2) that the

---

1. Counsel for the Plaintiffs takes the position that Fed.R.Civ.P. Rule 35, rather than Rule 37, is the proper vehicle for seeking the evaluation request-

ed by the Defendants. Defendants' Motion was filed pursuant to Fed.R.Civ.P. Rule 37 and seeks an order compelling the Hills and Cloudia to

provisions of the IDEA are applicable to the evaluation sought by the Defendants and the Defendants must exhaust the administrative remedies contained in the IDEA before seeking an order from the Court; and (3) it would be a criminal violation for the expert retained by the Defendants to conduct the evaluation being sought.

■ Based upon the positions taken by the Plaintiffs in their Response, the Court conducted an initial hearing on August 31, 2004. The primary purpose of the hearing was to allow counsel for the Plaintiffs an opportunity to present legal authority for the positions taken in Plaintiffs' Response. When questioned, counsel for the Plaintiff stated that she was generally relying on the provisions of 20 U.S.C. § 1415, et seq., and specifically on a previous ruling from a District Court in the Western District of Tennessee.[2] Even though counsel for the Plaintiffs could not identify any specific provisions of § 1415 et seq. which required a Defendant to exhaust the procedures contained therein before seeking an evaluation of a party to a lawsuit such this one, she remained adamant that there was in fact legal authority to support her position. Because counsel for the Plaintiffs was so adamant, the Court continued the

hearing and gave counsel for the parties an opportunity to brief the issue.

In their Second Brief in Support of Motion to Compel Examination filed on September 3, 2004, the Defendants state that while it is well settled that a Plaintiff must exhaust all available administrative remedies before initiating a civil action under the IDEA, there is no authority for the proposition that a Defendant, such as a board of education, in a civil proceeding must utilize the administrative due process procedure contained in the IDEA to obtain a reevaluation of a Plaintiff where, as here, there is a challenge to the educational placement of a disabled student such as Cloudia. The Defendants reiterate their position that it would be inherently unfair and prejudicial to allow one party, in this case the Plaintiffs, to present multiple experts regarding an issue which will be decided by a jury while denying the opposing party, in this case the Defendants, an opportunity to obtain and present testimony from a countervailing expert. The Defendants also reiterate their position that the Plaintiffs are not only seeking relief under the IDEA, but are also seeking damages for violation of Cloudia's civil rights under § 1983. *See* 42 U.S.C. § 1983.

---

submit to an evaluation. This issue is addressed more fully by the Court hereinafter.

**2.** The matter referred to by counsel for the Plaintiffs is *Brock Davidson v. Gibson County Special School District*, Docket No. 00–1310, Western District of Tennessee, Eastern Division. However, the *Brock Davidson* case has been placed under seal by the District Judge, and as such, the pleadings and any orders are unavailable to the parties and this Court. Counsel for the Plaintiffs claimed that the District Judge held in *Brock Davidson* that "the IDEA requires evaluators to hold licenses to conduct evaluations and that it was unlawful for the school system to use such an evaluator to conduct an evaluation pursuant to the IDEA." (Pls.['] Resp. in Opp'n to Mot. to Compel Educ. and Behav. Eval.) Counsel for the Plaintiffs further stated that *Brock Davidson* stood for the proposition that *Defendants* were required to exhaust the administrative remedies contained in the IDEA before they could seek an evaluation, even though they were currently involved in litigation.

Counsel for the Plaintiffs also stated that the evaluator in *Brock Davidson* was indicted for violation of Tenn.Code Ann. § 63–11–208 because she was an unlicenced evaluator. It was

further disclosed that counsel for the Plaintiffs in this matter telephoned in-house legal counsel at Vanderbilt University and threatened to seek criminal charges against Dr. Kennedy if he attempted to evaluate Cloudia as requested by the Defendants. The Defendants strenuously objected to Plaintiffs' reliance on *Brock Davidson* since it was under seal and the parties were therefore denied access to any information contained therein. Counsel for the Defendants were also incredulous that counsel for the Plaintiffs had attempted to intimidate Dr. Kennedy by threatening to seek criminal prosecution if Dr. Kennedy attempted to evaluate Cloudia.

It does appear to the Court that the actions of counsel for the Plaintiffs were extreme and inappropriate. If counsel for the Plaintiffs believed that it was improper for Dr. Kennedy to evaluate Cloudia, then she could and should have sought a protective order from the Court. By her actions, counsel for the Plaintiffs attempted to prevent the Defendants from securing advice and possible testimony from the expert of their choice. Counsel for the Plaintiffs is admonished that any attempts to manipulate and interfere with the right of the Defendants to seek advice and counsel from an expert of their choosing in the future will be dealt with harshly by the Court.

In their Memorandum of Law Regarding School District's Obligation to Exhaust It's Administrative Remedies, the Plaintiffs again state that the Defendants are "not entitled to an order compelling Plaintiffs to undergo an educational and behavior evaluation because the school district has failed to comply with procedural prerequisites set out in the IDEA prior to asking this court for such order." (Pls.' Second Mem. of Law.) Plaintiffs cite a single case, *Covington v. Knox County School System*, 205 F.3d 912 (6th Cir.2000) (citing *Hayes v. Unified School District No. 377*, 877 F.2d 809 (10th Cir.1989)), for the proposition that an evaluation such as that now being sought by the Defendants clearly falls within the scope of the IDEA because it relates to the provision of a "free appropriate public education" for a disabled child such as Cloudia. *Id.* Additionally, Plaintiffs rely on 20 U.S.C. § 1415(*l*) which provides:

> (1) Rule of construction
>
> Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990 [42 U.S.C. § 12101 *et seq.*], title V of the Rehabilitation Act of 1973 [29 U.S.C. § 791 *et seq.*], or other Federal laws protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) of this section shall be exhausted to the same extent as would be required had the action been brought under this subchapter.

The Court conducted a second hearing on September 15, 2004, but as it relates to this issue, no new information or authority was presented by either party.

### ANALYSIS

### I. FEDERAL RULES OF CIVIL PROCEDURE

█ While the Defendants have filed a Motion to Compel pursuant to Rule 37 of the Federal Rules of Civil Procedure, the Court agrees with counsel for the Plaintiffs that what the Defendants are actually seeking is an examination or evaluation under Rule 35.

Rule 37 applies to situations where a party fails to make a disclosure required by Rule 26(a), or where the movant is seeking an order compelling a party or non-party to respond to discovery. Fed.R.Civ.P. 37. Rule 37 is also applicable when a party refuses to appear for deposition, refuses to serve answers to interrogatories or fails to serve a written response to a request for inspection submitted under Rule 37. The Court can find nothing in Rule 37 which would afford the type relief the Defendants seek.

By contrast, Rule 35 specifically authorizes physical and mental examinations of persons if the mental or physical condition of a person is in controversy in the case. Fed. R.Civ.P. 35. Furthermore, the 1991 Amendment to Rule 35 extends the type examinations which may be ordered to include "other certified or licensed professionals, such as dentists or occupational therapists, who are not physicians or clinical psychologists, but who may be well-qualified to give valuable testimony about the physical or mental condition that is the subject of dispute." *See* Advisory Committee Notes on the 1991 Amendment to Fed.R.Civ.P. 35.

█ In this matter, the Plaintiffs specifically allege that Cloudia suffers from autism and mental retardation, and that the Defendants completely failed to provide her services required for her conditions. (Pls.' Second Am. Compl.) They allege that Cloudia suffered physical abuse, grievous bodily harm and mental pain and anguish. *Id.* Therefore, the Court finds that the Defendants are entitled to the educational and behavioral evaluation they seek if Cloudia's educational and behavioral condition are in controversy and if the Defendants can demonstrate good cause for requesting such an examination. *See Schlagenhauf v. Holder*, 379 U.S. 104, 117–20, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964) (holding that a party moving for a physical or mental examination must show that the physical or mental condition of the party is in controversy and that good cause exists for the examination). Motions to compel examinations under Rule 35 must be decided on a case by case basis considering all relevant circumstances. *Id.*

"Good cause" requires a showing of specific facts that demonstrate the need for the information sought and lack of means for obtaining it elsewhere. *Id.* at 118, 85 S.Ct. 234.

■ One of the purposes of Rule 35 is to "level the playing field" between the parties. *Ragge v. MCA/Universal Studios,* 165 F.R.D. 605, 608 (C.D.Cal.1995). In this case, there is no way to level the playing field except by ordering that Cloudia submit to an educational and behavioral examination by Defendants' expert, Dr. Kennedy. The Plaintiffs have secured expert testimony from no less than eight individuals, and it would be inherently unfair and prejudicial to deny the Defendants the right to secure an expert. And, while Dr. Kennedy will not be performing a traditional mental examination such as a psychologist would perform, he is a Board Certified Behavioral Analyst and Director of the Behavioral Disorders Clinic at Vanderbilt University. He appears qualified to render an opinion concerning the services provided Cloudia by McNairy County and to render an opinion concerning the techniques employed by McNairy County while Cloudia was attending school. Since the Plaintiffs intend to offer testimony from Ms. Marshall that the Defendants failed to provide Cloudia with appropriate services and used techniques which adversely impacted Cloudia, it is only proper that the Defendants should be allowed to offer opposing expert testimony if their expert so opines.

## II. INDIVIDUALS WITH DISABILITIES EDUCATION ACT

■ The case cited by counsel for the Plaintiffs in her Second Memorandum of Law, *Covington v. Knox County School System,* does not stand for the proposition that a Defendant must comply with the procedural prerequisites set out in the IDEA prior to seeking an evaluation under circumstances such as those presented here. To the contrary, *Covington* holds that a Plaintiff must exhaust the administrative remedies available to her under the IDEA before filling a civil action to enforce rights under the IDEA. *Covington,* 205 F.3d at 915. In fact, the court in *Covington* reviewed subsection 1415(*l*) and concluded that "Plaintiffs must exhaust their administrative remedies before bringing suit in Federal Court to obtain relief that is also available under the IDEA." Citations omitted. *Id.* Therefore, the Court finds no merit to the Plaintiffs' contention that a Defendant is required to comply with the requirements of the IDEA before seeking an evaluation of a party after a lawsuit has already commenced. The exhaustion requirements are applicable to any party aggrieved by the administrative findings such as those issued by the Tennessee Department of Education in this matter on August 19, 2002. However, there is simply no requirement that a party comply with the requirements of the IDEA once the administrative process has been completed and a lawsuit has been filed.

As such, the Defendants are entitled to an educational and behavioral evaluation of Cloudia, and Defendants Motion to Compel is therefore **GRANTED.**

**IT IS SO ORDERED.**